UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNJOLEE MOORE, | ) |
| Petitioner, | ) |
| v. | ) No.: 1:23-CV-14-KAC-CHS |
| BRIAN ELLER, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Unjolee Moore is an inmate in the custody of the Tennessee Department of Correction proceeding pro se in this federal habeas action under 28 U.S.C. § 2254 [Doc. 1]. On January 19, 2023, the Court entered an Order requiring Petitioner to return the signature page of his Section 2254 petition with his handwritten signature affixed with fourteen (14) days [Doc. 4]. The Court also mailed a photocopy of the signature page to Petitioner [*Id.* at 1]. The Court warned that a failure to timely comply with the Order could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a Court order [*Id.*]. Petitioner has not complied with the Court's Order or otherwise communicated with the Court, and the deadline has long passed.

The Federal Rules of Civil Procedure apply to this habeas corpus proceeding "to the extent that they are not inconsistent with any statutory provisions or these rules . . . " Rule 12, Rules Governing Section 2254 Proceedings. Under Rule 41(b), the Court may dismiss an action when the moving party fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually

provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citation omitted).

Here, those factors counsel in favor of dismissal. First, Petitioner's failure to timely comply with the Court's Order was due to his own willfulness or fault. Petitioner chose not to comply with, or even respond to, the Court's clear and express Order. Second, Petitioner's failure to comply with the Court's Order has not prejudiced Respondent because he has not yet appeared in this action. Third, the Court's Order explicitly warned Petitioner that failure to comply with the Court's Order requiring him to sign his federal habeas petition could result in the dismissal of this action [*See* Doc. 4 at 1]. As a matter of law, Petitioner cannot proceed without satisfying this requirement. *See* Fed. R. Civ. P. 11(a). Finally, alternative sanctions are not warranted because Petitioner failed to comply with the Court's unambiguous instructions.

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from signing his federal habeas petition after the Court mailed a photocopy to him and gave him express instructions. Further, Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, the Court **DISMISSES** this action **with prejudice** under Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

                                        s/ Katherine A. Crytzer
                                        KATHERINE A. CRYTZER
                                        United States District Judge