UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNJOLEE MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No.: 1:23-CV-14-KAC-CHS |
| v. | ) |
| | ) |
| BRIAN ELLER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Unjolee Moore, an inmate in the custody of the Tennessee Department of Correction, filed a "Motion to Set Aside Judgment" in this pro se federal habeas action under 28 U.S.C. § 2254 [Doc. 7]. For the reasons below, the Court reopens this action.

On March 3, 2023, the Court dismissed this action without prejudice after Petitioner failed to timely comply with an Order requiring him to affix his handwritten signature on the signature page of his federal habeas petition [*See* Docs. 5 and 6]. On March 13, 2023, the Court received the instant Motion, in which Petitioner claims that "elbow coun[se]l"[1] contacted Petitioner on March 9, 2023, and advised Petitioner that he should have signed and mailed his "letter to the courts" [*See* Doc. 7 at 1]. Petitioner maintains that he was delayed in signing and returning the signature page of his federal habeas petition due to facility lockdown and staff shortages [*Id.*]. Petitioner also attached a signed copy of the signature page of his federal habeas petition to his Motion [*Id.* at 2]. That signed document is dated March 9, 2023—after the Court dismissed this action and entered judgment [*See* Docs. 7 at 2; 5; 6].

---

[1] If Petitioner is, indeed, represented by barred counsel, counsel should make an appearance in this Case. *See* E.D. Tenn. L.R. 83.4. Absent an appearance, Petitioner will continue to proceed pro se in this action.

Because the instant motion was filed within twenty-eight (28) days of entry of the judgment, the Court construes it as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."); *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (providing that a motion for reconsideration filed within 28 days after judgment may be considered under Rule 59(e), while one filed after 28 days may be considered under Rule 60(b)). The Court may grant a Rule 59(e) motion "to correct a clear error of law; to account for newly discovered evidence or an intervening change in the controlling law; or to otherwise prevent manifest injustice." *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330 (6th Cir. 2014) (quoting *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012)).

Here, taking Petitioner's representations as true, reopening this case would prevent manifest injustice. As an initial matter, nothing in Petitioner's Motion suggests a need to correct a clear error of law or account for newly discovered evidence or an intervening change in the law [*See* Doc. 7]. Instead, granting Petitioner's motion is necessary because Petitioner diligently attempted to comply with the Court's Order but was prevented from doing so due to a facility lockdown and staffing shortages beyond his control [*See id.*]. Therefore, the Court **GRANTS** Petitioner's Motion [Doc. 7] and **VACATES** its March 7, 2023 Memorandum Opinion and Order [Doc. 5] and Judgment Order [Doc. 6].

The Court **DIRECTS** the Clerk reopen this case and place it on the active docket. The Court further **DIRECTS** the Clerk to serve a copy of the Petition and this Memorandum and Order upon Respondent.

The Court **ORDERS** Respondent to file the State-court record and a response to the petition within sixty (60) days of entry of this Memorandum and Order. *See* Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts. In that response, Respondent should specifically address whether the Section 2254 petition is timely and whether Petitioner has exhausted his available State-court remedies. 28 U.S.C. §§ 2244(d), 2254(b). If Petitioner chooses to file a reply, he shall do so within twenty-one (21) days of the date on which Respondent files a response.

Finally, under Local Rule 83.13, it is the duty of a pro se party to timely respond to orders from this Court, monitor the progress of this case, prosecute the action diligently, and promptly notify the Clerk and the other Parties of any change in his address. E.D. Tenn. L.R. 83.13. The Court, therefore, **ORDERS** Petitioner to immediately inform the Court and Respondent, or his counsel of record, of any address changes in writing. Failure to provide a correct address to this Court within (14) fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER.**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge